IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. 3:14-CR-372-P |
|---|---|
| v. | ECF |
| KERRY LYNN LEWIS, JR. (1) | |

## FACTUAL RESUME

**INDICTMENT**: **Count One**: 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm

**Count Three**: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a Controlled Substance

**Count Five**: 18 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime

**ELEMENTS OF** **Count One**
In order to establish the crime of Possession of a Firearm by a to Prohibited Person, in violation of 18 U.S.C. § 922(g)(1), as set out in Count one of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

*First*: That the defendant knowingly possessed a firearm. The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive;

*Second*: That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

*Third*: That the possession of the firearm was in or affecting commerce; that is, that before the defendant possessed the firearm, it had traveled at some time from one state to another.

Factual Resume- Page 1

**Count Three**
In order to establish the crime of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as set out in Count Three of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

*First*: That the defendant knowingly or intentionally possessed a controlled substance;

*Second*: That the substance possessed was in fact a mixture and substance containing cocaine, a controlled substance; and

*Third*: That the defendant possessed the substance with the intent to distribute it.

**Count Five**
In order to establish the crime of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), as set out in Count Five of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

*First*: That the defendant committed a drug trafficking offense as alleged in Count Three, namely; possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

*Second*: That the defendant knowingly possessed a firearm in furtherance of a drug trafficking crime

**STIPULATED FACTS**:

On February 27, 2014, officers with the Dallas police department executed a search warrant at a residence on McBroom Street, which is in the City of Dallas and Northern District of Texas. Lewis was walking out the side door as the officer arrived. During a search of the residence the officers recovered the following firearms: a Sig

Sauer, 9 millimeter pistol, bearing serial number UU620445, from under a bed in Lewis's bedroom; a Keltec, 9 millimeter pistol, bearing serial number A6R22; and a Ruger, 9 millimeter pistol, bearing serial number 333-50636, from inside the wall in the guest house. The officers recovered marijuana from the kitchen and Lewis's bedroom in the main house and two bags containing cocaine from the guest house.

A check revealed that the Sig Sauer, 9 millimeter pistol, bearing serial number UU620445, had been reported stolen out of the City of Dallas, and the Ruger, 9 millimeter pistol, bearing serial number 333-50636, had been reported stolen out of the City of Mesquite.

The drugs recovered by the officers were submitted for chemical analysis. A forensic chemist analyzed the sample and concluded it was a mixture or substance containing cocaine, having a net weight of 5.9 grams.

Prior to February 27, 2014, Lewis had been convicted for the following crimes punishable by imprisonment for a term in excess of one year, that is, a felony offense: 1. On March 10, 1998, Lewis was convicted and sentenced to two-years confinement for the offense of Unlawful Possession of a Controlled Substance, to wit; Cocaine, in the State of Texas v. Kerry Lynn Lewis, Cause No. F06-70189-T, in the 283rd Judicial District Court, Dallas County, an offense he committed on September 6, 2006; 2. On January 18, 2007, Lewis was convicted and sentenced to seven-months confinement for the offense of Unlawful Delivery of a Controlled Substance, to wit; Cocaine, in the State of Texas v. Kerry Lynn Lewis, Cause No. F05-57754-T, in the 283rd Judicial District Court, Dallas County, an offense he committed on September 27, 2005; 3. On July 14, 2011, Lewis

was convicted and sentenced to three-years confinement for the offense of Delivery of a Controlled Substance, in the State of Texas v. Kerry Lynn Lewis, Cause No. F10-60636-V, in the 292nd Judicial District Court, Dallas County, an offense he committed on September 15, 2010; 4. On August 17, 2012, Lewis was convicted and sentenced to thirty-days confinement for the offense of Unlawful Possession of a Controlled Substance, to wit; Marijuana, in the State of Texas v. Kerry Lynn Lewis, Cause No. F12-58845-R, in the 265th Judicial District Court, Dallas County, an offense he committed on August 7, 2012; 5. On July 14, 2011, Lewis was convicted and sentenced to three-years confinement for the offense of Unlawful Possession of a Firearm by a Felon, in the State of Texas v. Kerry Lynn Lewis, Cause No. F10-60637-V, in the 292nd Judicial District Court, Dallas County, an offense he committed on September 15, 2010; 6. On July 14, 2011, Lewis was convicted and sentenced to three-years confinement for the offense of Retaliation, in the State of Texas v. Kerry Lynn Lewis, Cause No. F10-71661-V, in the 292nd Judicial District Court, Dallas County, an offense he committed on April 23, 2009.

Lewis stipulates that he knowingly possessed the firearms listed in Count One of the indictment, and that they were manufactured outside the State of Texas and had traveled in interstate commerce before he possessed them, and he possessed the cocaine listed in Count Three with the intent to distribute it.

He also admits that he possessed a Sig Sauer, Model P226, 9 millimeter pistol, bearing serial number UU620445; a Keltec, Model P11, 9 millimeter pistol, bearing serial number A6R22; and a Ruger, Model SR9c, 9 millimeter pistol, bearing serial number 333-50636, in furtherance of a drug trafficking crime, that is possession with intent to

distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as specified in Count Three.

SIGNED on this 30th day of July, 2015.

_____
JOHN J. BOYLE
Assistant United States Attorney

_____
KERRY LYNN LEWIS, JR.
Defendant

_____
JEFFREY C. GRASS
Attorney for Defendant