IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:14-CR-372-P |
| v. | **ECF** |
| KERRY LYNN LEWIS, JR. (1) | |

# PLEA AGREEMENT

Kerry Lynn Lewis, Jr., the defendant, Jeffrey C. Grass, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Lewis understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Lewis waives these rights and pleads guilty to the offenses alleged in the superseding indictment, that being, Count One, charging a violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), that is, being a felon in possession of a firearm, and Count Three, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that is, possession with intent to distribute a controlled substance; and Count Five, charging a violation 18 U.S.C. § 924(c)(1)(A), that is, possession of a firearm

in furtherance of a drug trafficking crime. Lewis understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose for the offense under Count One include:

   a. imprisonment for a period not to exceed 10 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which will follow any term of imprisonment. If Lewis violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which is mandatory under the law, and which Lewis agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

The minimum and maximum penalties the Court can impose for the offense under Count Three include:

   a. A term of imprisonment of not more than twenty years;

   b. a fine not to exceed $1,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of at least three years, which is mandatory under the law and will follow any term of imprisonment. If Lewis violates the conditions of supervised release, he could be

                imprisoned for the entire term of supervised release;

    d.      a mandatory special assessment of $100;

    e.      restitution to victims or to the community, which is mandatory under the law, and which Lewis agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.      costs of incarceration and supervision; and,

    g.      forfeiture of property.

    h.      In addition, upon conviction of an offense involving distribution of a controlled substance, the defendant is, in the discretion of the Court, subject to denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d), for a period of up to five years. Further, pursuant to 18 U.S.C. § 3663(c)(1) the Court may order "community restitution."

The minimum and maximum penalties the Court can impose for the offense under Count Five include:

    a.      a mandatory term of imprisonment for a period of not less than five years and not more than life; to be served consecutively to any other count;

    b.      a fine not to exceed $250,000; or twice any pecuniary gain to the defendant or loss to the victims;

    c.      a term of supervised release of not more than five years, which will follow any term of imprisonment. If Lewis violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.      a mandatory special assessment of $100;

    e.      restitution to victims or to the community, which is mandatory under the law, and which Lewis agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.  costs of incarceration and supervision; and,

    g.  forfeiture of property.

  4.  **Court's sentencing discretion and role of the Guidelines**: Lewis understands that the sentences in these cases will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Lewis has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Lewis will not be allowed to withdraw his pleas if his sentences are higher than expected. Lewis fully understands that the actual sentences imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court.

  5.  **Mandatory special assessment**: Lewis agrees to pay to the U.S. District Clerk the amount of $300, in satisfaction of the mandatory special assessment in this case.

  6.  **Defendant's cooperation**: Lewis shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Lewis shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Lewis expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Lewis fully understands that any financial obligation imposed by the Court, including a restitution order and/or the

implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Lewis agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Lewis understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture of property**: Lewis agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the superseding indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Lewis consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43 of the Federal Rules of Criminal Procedure. Lewis agrees to provide truthful information and evidence necessary for the government to forfeit such property. Lewis agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement**: The government will not bring any additional charges against Lewis based upon the conduct underlying and related to his pleas of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will

dismiss, after sentencing, any remaining charges in the pending superseding indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Lewis or any property.

9. **Violation of agreement**: Lewis understands that if he violates any provision of this agreement, or if his guilty pleas are vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Lewis for all offenses of which it has knowledge. In such event, Lewis waives any objections based upon delay in prosecution. If his pleas are vacated or withdrawn for any reason other than a finding that they were involuntary, Lewis also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: These pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Lewis waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Lewis, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Lewis has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Lewis has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Lewis has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[No Further Information on This Page]

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 30th day of July, 2015.

JOHN R. PARKER
UNITED STATES ATTORNEY

KERRY LYNN LEWIS, JR.
Defendant

JOHN J. BOYLE
Assistant United States Attorney
Texas State Bar No. 00790002
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8617
Fax: 214-659-8809
Email: John.Boyle2@usdoj.gov

JEFFREY C. GRASS
Attorney for Defendant

GARY C. TROMBLAY
Deputy Criminal Chief

**CERTIFICATE**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

KERRY LYNN LEWIS, JR.
Defendant

7·30·2015
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

JEFFREY C. GRASS
Attorney for Defendant

7-30-2015
Date