## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| **Kerry Lynn Lewis, Jr.** | ) | **Docket No.:  0539 3:14CR00372-1** |

**Prepared for:**  The Honorable Jorge A. Solis
Chief U.S. District Judge

**Prepared by:**  Melissa Faraci
Sr. USPO
Dallas, TX
214-753-2543
melissa_faraci@txnp.uscourts.gov

**Assistant U.S. Attorney**
John J. Boyle
1100 Commerce Street, Third Floor
Dallas, TX 75242
214-659-8600
john.boyle2@usdoj.gov

**Defense Counsel** (Retained)
Jeffrey C. Grass
101 East Park Boulevard, Suite 107
Plano, TX 75074-5483
972-422-9999
jeff@grasslaw.com

**Sentence Date:**  January 13, 2016

**Offenses:**

**Count 1 of the superseding Indictment:**
Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), Not more than 10 years imprisonment, $250,000 fine, a Class C felony.

**Count 3 of the superseding Indictment:**
Possession With Intent to Distribute a Controlled Substance and Aiding and Abetting, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 2, Not more than 20 years imprisonment, $1,000,000 fine, a Class C felony.

**Count 5 of the superseding Indictment:**
Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A), 5 years to Life imprisonment, $250,000 fine, a Class A felony.

After sentencing, the government will move the Court to dismiss Counts 2 and 4 of the superseding Indictment and the Indictment against the defendant. The defendant was named in a Forfeiture Notice.

**Date Offenses Concluded:**  Counts 1, 3, and 5: February 27, 2014

**Date Report Prepared:** December 11, 2015

| | |
|---|---|
| **Release Status:** | The defendant is appearing for federal proceedings pursuant to a writ of habeas corpus ad prosequendum. |
| **Detainers:** | None |
| **Codefendants:** | None |
| **Related Cases:** | None |

## Identifying Data:

| | |
|---|---|
| **Date of Birth:** | April 23, 1987 |
| **Alias Date of Birth:** | April 23, 1989 |
| **Age:** | 28 |
| **Race:** | Black or African American |
| **Hispanic Origin:** | Non-Hispanic origin |
| **Sex:** | Male |

| | |
|---|---|
| **SSN#:** | 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 |
| **FBI#:** | 786VB4 |
| **Driver License#:** | TX22303648 |
| **USM#:** | 48739-177 |
| **State ID#:** | TX06779892 |
| **TDCJ-ID#:** | 1729131 |
| **PACTS#:** | 1750082 |

| | |
|---|---|
| **Education:** | Eighth grade |
| **Dependents:** | Five |
| **Citizenship:** | United States |
| **Place of Birth:** | Dallas, Texas |

**Legal Address:**   220 Samuel Boulevard
Coppell, Texas 75019

**Residence Address:**   Mansfield Law Enforcement Center
1601 Heritage Parkway
Mansfield, Texas 76063

**Aliases:**   "Dot," Kerry Lewis, "Lil Dot," Marcus Tilley

**Alternate IDs:**   Scar: Left leg - 2 inches
Birthmark: right thigh - large light spot
Tattoos: Left arm - stars, "Dino"; left eye area - dog paw, dove, dollar bills, and "Love is pain"; right eye area - star, dove, "ovastood," and dollar bills; back -"Lewis"; neck - Dallas skyline; right arm - (sleeve) stars, State of Texas, eight ball, "west"; chest - demons, "see no evil, fear no evil," and "Lil Dot"

Eyes - Brown; Hair - Black; Height - 6 feet, 1 inch; Weight - 250 pounds

***Restrictions on Use and Redisclosure of Presentence Investigation Report.*** Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

## PART A. THE OFFENSE

### Charges and Convictions

1.      On September 24, 2014, the defendant, **Kerry Lynn Lewis, Jr.**, was named in a two-count Indictment filed in the Northern District of Texas, Dallas Division. Count 1 of the Indictment charged the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Count 2 charged the defendant with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). The defendant was also named in a Forfeiture Notice pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(a).

2.      On February 27, 2014, the defendant was arrested by the Dallas, Texas, police and charged with Manufacture/Deliver a Controlled Substance; Possession of Marijuana; and Unlawful Possession of a Firearm by a Felon which is the basis for the instant offense. On October 2, 2014, the Honorable Jorge A. Solis, Chief U.S. District Judge, issued a writ of habeas corpus ad prosequendum for the defendant's appearance for federal proceedings.

3.      On October 17, 2014, the U.S. Attorney's Office issued a Motion for Pretrial Detention. On that same day, the defendant was taken before U.S. Magistrate Judge David L. Horan for an initial appearance and arraignment hearing. The defendant pleaded not guilty to the two-count Indictment and his case was scheduled for trial. The defendant waived his right to a detention hearing and was ordered detained pending disposition of his case. He remains in custody at the Mansfield Law Enforcement Center in Mansfield, Texas.

4.      On January 6, 2015, a superseding Indictment was filed which added additional counts. Count 1 of the superseding Indictment charged the defendant with **Felon in Possession of a Firearm**, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), specifically the possession of a Sig Sauer, Model P226, 9-millimeter pistol, bearing Serial No. UU620445; a Keltec, Model P11, 9-millimeter pistol, bearing Serial No. A6R22; and a Ruger, Model SR9c, 9-millimeter pistol, bearing Serial No. 333-50636. Count 2 charged the defendant with Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1). Count 3 charged the defendant with **Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting**, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 2, specifically a mixture and substance containing cocaine. Count 4 charged the defendant with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D). Count 5 charged the defendant with **Possession of a Firearm in Furtherance of a Drug Trafficking Crime**, in violation of 18 U.S.C. § 924(c)(1)(A), specifically a Sig Sauer, Keltec, and Ruger pistols in the furtherance of the commission of a drug trafficking crime. The defendant was also named in a Forfeiture Notice, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(a). On November 3, 2015, a Preliminary Order of Forfeiture was filed as to the following property: a Keltec, Model P11, 9-millimeter pistol, bearing Serial No. A6R22 and any ammunition recovered with the weapon.

4

5.      Subsequently, the defendant decided to plead guilty rather than proceed to trial. On September 9, 2015, the defendant was brought before Chief Judge Solis for a rearraignment hearing, and pursuant to a written Plea Agreement, he pleaded guilty to Counts 1, 3, and 5 of the superseding Indictment.

6.      Within the Plea Agreement, the defendant agreed not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or judicial forfeiture of any property, real or personal, listed as subject to forfeiture in the superseding Indictment or seized or restrained by local law enforcement officers during the investigation underlying this case. The defendant waived his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal his conviction and sentence. He further waived his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. §§ 2241 & 2255. The defendant, however, reserved the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing. He also reserved the right to challenge the voluntariness of his plea of guilty or this waiver, and to bring a claim of ineffective assistance of counsel.

7.      The government agreed not to bring any additional charges against the defendant based upon the conduct underlying and related to his plea of guilty. After sentencing, the government will move the Court to dismiss Counts 2 and 4 of the superseding Indictment and Indictment against the defendant.

8.      Chief Judge Solis ordered the preparation of a Presentence Report and scheduled sentencing for January 13, 2016.

### The Offense Conduct

9.      The information in this section of the Presentence Report was obtained from the Indictment, superseding Indictment, Factual Résumé, and investigative reports prepared by the Dallas, Texas, police and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). In addition, ATF Special Agent Heather Camune was interviewed and corroborated the information contained in the investigative reports. The information contained herein is based upon evidence considered reliable by this probation officer.

10.     On February 27, 2014, Dallas, Texas, Police, Narcotics Detective Christopher Wood executed a search warrant at 3514 McBroom Street in Dallas after receiving information from a confidential source who had recently been at the residence and observed drug transactions and firearms. Upon entry in the residence, the defendant, **Kerry Lynn Lewis, Jr.,** and Bryant, first name unknown, were confronted just outside the residence as they walked out of the side door. Keenlan Turner was confronted in the kitchen of the residence. After all three men were detained and removed from the residence, officers executed their search warrant.

11.     Officers observed camera affixed on all sides of the house that were connected to a television inside the living room of the residence giving the occupants a 360 degree view of the outside of the house. In the kitchen halfway area inside cabinets, officers discovered multiple bags containing marijuana, cash, and a digital scale. In the bedroom, officers located a black Sig Sauer, 9-millimeter pistol bearing Serial No. UU620445

under the bed lying on the floor. The pistol had a round in the chamber and was loaded with 14 rounds in the magazine. The pistol was reported stolen by Dallas, Texas, police. On the dresser in the bedroom, officers found a bag of marijuana and three photographs of **Lewis**. In the kitchen area of the residence, officers observed a large "shark" metal cage that was used to hold drug buyers.

12.     In the guest house in the backyard of the residence, officers found a white bag containing crack cocaine on the floor behind the door. In the bathroom of the guest house, officers discovered two loaded firearms: a Keltec, 9-millimeter pistol bearing Serial No. A6R22 and a Ruger, 9-millimeter bearing Serial No. 333-50636 hidden inside a wall accessible through a hole in the wall. The Ruger was reported stolen by Mesquite, Texas, police. All three firearms were loaded and had rounds in the chamber. In the ceiling of the guest house, officers also discovered multiple large bags of marijuana and a camouflage duffle bag that contained empty gun magazines, assorted ammunition, and assorted empty bags commonly used to package narcotics.

13.     A search of **Lewis'** person revealed he possessed $1,536 in cash. The money found within the main residence was $290 in cash.

14.     The residence is located in a drug-free zone as it is approximately 765 feet from the Amelia Earhart Learning Center which is a Dallas Independent School District public school.

15.     **Lewis** was arrested and transported to the Dallas, Texas, police office where he was charged with the Manufacture and Delivery of Cocaine. **Lewis** admitted he had been living at 3514 McBroom Street for the last three weeks. He acknowledged his bedroom was where the stolen Sig Sauer pistol was found. **Lewis** further admitted the clothing and shoes in the closet were his as well as the photos on the dresser.

16.     On June 30, 2014, an interstate nexus expert evaluated all three firearms seized from the residence. The firearms were described as follows: a Sig Sauer, Model P226, 9-millimeter caliber pistol, bearing Serial No. UU620445; a Ruger, Model SR9c, 9-millimeter caliber pistol, bearing Serial No. 333-50636; and a KelTec, Model P11, 9-millimeter caliber pistol, bearing Serial No. A6R22. All three firearms were determined to be manufactured outside the State of Texas; therefore, each firearm traveled in interstate or foreign commerce before being present in Texas.

17.     A laboratory analysis completed by the Southwester Institute of Forensic Sciences in Dallas, Texas, determined the defendant possessed 34.65 grams of crack cocaine and 597.48 grams of marijuana.

18.     In his Factual Résumé, **Lewis** admitted he has been convicted of the following crimes punishable by imprisonment for a term in excess of one year: Unlawful Possession of a Controlled Substance, to wit: Cocaine, Case No. F-0670189; Unlawful Delivery of a Controlled Substance, to wit: Cocaine (a controlled substance offense), in Case No. F-0557754; Delivery of a Controlled Substance, Case No. F-1060636; Unlawful Possession of a Controlled Substance, to wit: Marijuana, Case No. F-1258845; Unlawful 1 Possession of Firearm by Felon, Case No. F-1060637; and Retaliation, Case No. F-1071661. **Lewis** stipulated the firearms he possessed were manufactured outside the

6

State of Texas and that he possessed them in furtherance of a drug trafficking crime, that is Possession with Intent to Distribute Cocaine. **Lewis** further acknowledged the Sig Sauer and Ruger firearms had been stolen.

<u>Guideline Computations</u>

19.     Lewis is responsible for <u>124.33 kilograms</u> or 124,332.63 grams of marijuana. This amount includes the 597.48 grams of marijuana and 34.65 grams of crack cocaine seized on February 27, 2014.

**Victim Impact**

20.     There is no identifiable victim other than society at large.

**Adjustment for Obstruction of Justice**

21.     While in custody at the Dallas County Jail in Dallas, Texas, for the instant offense, the defendant engaged in a series of telephone calls on March 1, 2014, with at least two different people. During the telephone calls, the defendant discussed how he had talked with his coconspirator Keelan Turner and he had agreed to sign an affavadit that the firearms found at 3514 McBroom Street where his. The defendant stated that since Turner had no prior felony convictions the gun charge would be a misdemeanor. Later in the same day, the defendant talked directly to Turner and instructed Turner to go to the police station and accept responsibility for the guns. The defendant advised that if Turner did that for him the defendant would "take care of him." Turner told the defendant he would come up to the police station after he took a shower.

22.     The defendant's post arrest behavior constituted an attempt to obstruct or impede the administration of justice with respect to the investigation and prosecution of the instant offense, specifically, suborning perjury. USSG §3C1.1, comment. (n.4(B)). Furthermore, the obstructive conduct related to the defendant's offense of conviction and relevant conduct. Thus, 2 levels are applied pursuant to USSG §3C1.1 for obstruction of justice.

**Adjustment for Acceptance of Responsibility**

23.     The defendant admitted the facts he stipulated to in the Factual Résumé are true and he is guilty of this offense. Based on advice from his attorney, the defendant elected not to discuss any relevant conduct.

24.     Although the defendant admitted his guilt, he attempted to obstruct justice by getting coconspirator Turner to take responsibility for the guns found in the residence and the guest house. Pursuant to USSG §3E1.1, comment. (n.3), a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right. Moreover, conduct resulting in an enhancement under USSG §3C1.1 ordinarily indicates the defendant has not accepted responsibility for his criminal conduct. USSG §3E1.1, comment. (n.4). Thus, the defendant does not qualify for a 2-level reduction for acceptance of responsibility. USSG §3E1.1(a).

**Offense Level Computation**

25.  The offenses of conviction concluded on February 27, 2014. This officer has reviewed and compared the Guidelines Manual in effect on the date the defendant is to be sentenced and the Guidelines Manual in effect on the date that the offenses of conviction were committed. Based on this review, this officer determined the use of the Guidelines Manual in effect on the date the defendant is sentenced will not violate the ex post facto clause of the U.S. Constitution. Therefore, this officer used the November 1, 2015, Guidelines Manual. USSG §1B1.11(a).

26.  The defendant was convicted of three counts. Count 1 charged the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), for which the guideline is located in USSG §2K2.1. Count 3 charged the defendant Possession With Intent to Distribute a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 2, for which the guideline is located in USSG §2D1.1. Count 5 charged the defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), for which the guideline is located in USSG §2K2.4.

27.  Pursuant to USSG §3D1.2, all counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of USSG §3D1.2 when one of the counts embodies conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to another of the counts. USSG §3D1.2(c). In this case, Count 1 is treated as a specific offense characteristic in USSG §2K2.1, and Count 3 is treated as a specific offense characteristic in USSG §2D1.1.

28.  USSG §3D1.3(a) provides instructions explaining that in the case of counts grouped together pursuant to USSG §3D1.2(a)-(c), the offense level applicable to a Group is the offense level determined in accordance with Chapter 2 and Parts A, B, and C of Chapter 3, for the most serious of the counts comprising the Group. In this case, Count 3, Possession With Intent to Distribute a Controlled Substance and Aiding and Abetting, produces the highest offense level and, therefore, will be used to calculate the defendant's total offense level. The guideline computation is determined as follows.

29.  Count 5 is excluded from the multiple grouping rule under USSG §3D1.1(b) and requires a mandatory 5-year term of imprisonment to run consecutive to any other sentence imposed, pursuant to USSG §5G1.2(a).

**Group 1: Felon in Possession of a Firearm (Count 1); Possession with Intent to Distribute a Controlled Substance (Count 3)**

30.  **Base Offense Level:** Count 3 of the superseding Indictment charged the defendant with Possession With Intent to Distribute a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 2. Pursuant to USSG §2D1.1(a)(5), the base offense level is determined by using the Drug Quantity Table set forth in Subsection (c). The defendant is accountable for

124.33 kilograms of marijuana. Pursuant to USSG §2D1.1(c)(8), if the offense involved at least 100 kilograms but less than 400 kilograms of marijuana, the base offense level is 24. **<u>24</u>**

31. **Specific Offense Characteristics:** The defendant possessed three firearms in connection with his drug distribution. Normally, a 2-level enhancement would apply, pursuant to USSG §2D1.1(b)(1); however, because the firearms were possessed in the course of the underlying drug offense, the enhancement does not apply. USSG §2K2.4, comment. (n.4). **<u>0</u>**

32. **Specific Offense Characteristics:** The defendant admitted he lived at the residence and law enforcement officers found his personal belongings in the residence. The residence, specifically the kitchen area, also contained a large "shark" metal cage that was used to hold drug buyers during drug transactions. Since the defendant maintained a premises for the purpose of distributing a controlled substance, 2 levels are applied. USSG §2D1.1(b)(12). **<u>+2</u>**

33. **Victim Related Adjustment:** None. **<u>0</u>**

34. **Adjustment for Role in the Offense:** None. **<u>0</u>**

35. **Adjustment for Obstruction of Justice:** During a series of jail telephone calls on March 1, 2014, the defendant attempted to suborn perjury by requesting a coconspirator take responsibility for the defendant's guns. Since, the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense; 2 levels are applied. USSG §3C1.1. **<u>+2</u>**

36. **Adjusted Offense Level (Subtotal):** **<u>28</u>**

37. **Chapter Four Enhancement: Career Offender Provisions:** None. **<u>0</u>**

38. **Acceptance of Responsibility:** As of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. USSG §3E1.1, comment. (n.4). **<u>0</u>**

39. **Total Offense Level:** **<u>28</u>**

  **<u>Offense Level Computation for Count 5</u>: Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting (Count 5)**

40. **Base Offense Level:** The defendant possessed three firearms on February 27, 2014, in furtherance of a drug trafficking crime. The defendant committed the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a violation of 18 U.S.C. § 924(c)(1)(A), in which the guideline is found in USSG §2K2.4. According to USSG §2K2.4(b), if the defendant, whether or not convicted of another crime, is convicted of violating 18 U.S.C. §

924(c), the guideline sentence is the minimum term of imprisonment required by statute. The statute requires a mandatory term of imprisonment of not less than 5 years (60 months) to run consecutive to any other term of imprisonment imposed.

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

A federal, state, and local criminal records search was conducted using the National Crime Information Center and Texas Crime Information Center (NCIC/TCIC) computerized records. The following information was determined from this search.

### Juvenile Adjudications

| | Date of Referral | Charge/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 41. | 09/02/2001 (Age 14) | Criminal Trespass - Habitation/Shelter Center JD54105 304th Judicial District Court of Dallas County Dallas, TX | 06/25/2002: Pleaded true. Sentenced to 1 year probation. | 4A1.2(e)(4) | 0 |

The defendant was represented by counsel.

According to the Irving, Texas, police report, officers were dispatched to an apartment complex. The manager advised there were reports of movement in an apartment that was supposed to be vacant. The officer used a ladder to reach the balcony while the other officer stood at the front door. As the officer reached the balcony, he observed several people crawling around as they tried to exit through the front door. As they exited, they were approached by the assisting officer. The defendant was one of the individuals in the unit, and he was taken into custody.

### Other Juvenile Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 42. | 01/29/2002 (Age 14) | Assault Causes Bodily Injury JD54105 304th Judicial District Court of Dallas County Dallas, Texas | Irving Police Department Irving, TX | 06/25/2002: Non-suited. |

According to the Irving, Texas, police report, a complainant advised he was shot with a pellet gun by an unknown person. The complainant said he was standing in the parking lot when he was shot. He then turned around and saw three or four people on the balcony but could not tell which one shot him. Shortly afterward, another complainant called and advised she was shot with a pellet gun by the defendant. She said she had problems with the defendant and his relatives in the past. The defendant's mother was contacted, and she brought the defendant to the police station where he was arrested.

| | | | | |
|---|---|---|---|---|
| 43. | 02/22/2002 (Age 14) | Terroristic Threat JD54105 304th Judicial District Court of Dallas County, Dallas, TX | Irving Police Department Irving, TX | 06/25/2002: Non-suited. |

According to the Irving, Texas, police report, officers were dispatched to an apartment complex regarding a disturbance involving guns and baseball bats. Witnesses advised the defendant was waving a gun at the complainant while the defendant's mother yelled, "Shoot him." The defendant was taken into custody.

| | | | | |
|---|---|---|---|---|
| 44. | 07/23/2004 (Age 17) | Manufacture/Delivery of a Controlled Substance | Athens Police Department Athens, TX | Unknown. |

Circumstances are related to Case No. 04-1284CL.

### Adult Criminal Convictions

| | **Date of Arrest** | **Conviction/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
|---|---|---|---|---|---|
| 45. | 07/23/2004 (Age 17) | Possession of Marijuana 04-1284CL Henderson County Court at Law Athens, TX | 03/30/2005: Pleaded guilty. Sentenced to 22 days in jail. | 4A1.2(e)(4) | 0 |

The defendant was represented by attorney John Youngblood.

According to the Athens, Texas, police report, officers were advised by a confidential informant about drug activity at a residence located at 709 Third Street in Athens, Texas. Officers attempted to contact the residents and inquire about the alleged illegal activity. As the officers approached the residence, the door was open, and they observed the defendant asleep in the living room and another suspect at a table cutting a large piece of crack cocaine into smaller pieces. The officer also observed a bag of marijuana on the

table. The defendant was immediately detained, and the suspect at the table ran into the woods, however, he was later detained. The defendant advised the residence belonged to him; however, neither he nor the other suspects in the home claimed possession of the narcotics.

| 46. | 09/27/2005 (Age 18) | Unlawful Delivery of Controlled Substance, to-wit: Cocaine F-0557754 283rd Judicial District Court of Dallas County Dallas, TX | 11/11/2005: Pleaded guilty. Sentenced to 3 years deferred adjudication probation. 01/18/2007: Probation revoked. Sentenced to 7 months in state jail. | 4A1.1(b) | 2 |

The defendant was represented by attorney Jeff Buchwald in both proceedings.

According to the Dallas, Texas, police report, the defendant, along with several other unknown males, were engaged in what appeared to be a dice game outside. The officer, who was working undercover, was flagged down by the defendant, who asked the officer what he wanted. The officer replied, "a twenty." The defendant removed a sandwich bag from his pocket that contained crack cocaine and gave it to the officer in exchange for a $20 bill. The defendant was arrested and taken into custody.

On August 11, 2006, the state filed a Motion to Proceed with an Adjudication of Guilt alleging a new arrest for Assault Causing Bodily Injury and failure to pay probation fees.

| 47. | 07/04/2006 (Age 19) | Assault Causes Bodily Injury MA0687396 Dallas County Criminal Court 1 Dallas, TX | 01/24/2007: Pleaded nolo contendere. Sentenced to 270 days in jail. | 4A1.1(b) | 2 |

The defendant was represented by attorney Julie Clancy.

According to the Dallas, Texas, police report, the complainant, Arletha Baker, entered the Racetrac gas station, and the defendant along with two other suspects began to flirt with her. The complainant asked the defendant and the suspects to leave her alone, at which time they became verbally aggressive. The defendant and the suspects left the location but returned approximately 5 minutes later. They attacked the complainant by punching her in the face until she fell to the ground. They also kicked her in the head and side. A witness attempted to intervene, but the defendant placed him in a headlock and punched him in the top of the head and face. The defendant and the suspects fled the location and the defendant hit the complainant in the face as he fled. The witness attempted to follow them to get the license plate number. The defendant and the suspects were captured and taken into custody. The complainant suffered a fractured jaw.

This case was originally charged as Aggravated Assault Cause Bodily Injury but was later changed to a misdemeanor assault.

| | | | | | |
|---|---|---|---|---|---|
| 48. | 09/06/2006 (Age 19) | Unlawful Possession of a Controlled Substance, to-wit: Cocaine F-0670189 283rd Judicial District Court of Dallas County Dallas, TX | 01/18/2007: Pleaded guilty. Sentenced to 2 years in prison. 08/10/2007: Paroled. 10/03/2008: Parole discharged. | 4A1.1(a) | 3 |

The defendant was represented by attorney Jeff Buchwald.

According to the Dallas, County, Texas, Indictment, the defendant intentionally possessed a controlled substance, to-wit: cocaine, weighing more than a gram but less than 4 grams.

According to the Dallas, Texas, police report, officers were serving an Aggravated Assault warrant on a suspect identified as Lakeitha Irving. Upon entering the residence, the defendant was observed lying on the couch covered with a blanket. The officers asked the defendant to show his hands. The defendant was observed placing an object in between the couch cushions. The officers searched the couch and located an orange pill bottle containing several white rocks of crack cocaine.

Parole documents indicated a parole warrant was issued on April 18, 2008 but was later withdrawn on October 1, 2008. It appears the warrant may have been issued due to the defendant's new arrest for Discharge a Firearm in Certain Municipalities, Case No. MA0854620.

| | | | | | |
|---|---|---|---|---|---|
| 49. | 01/29/2010 (Age 22) | Possession of Marijuana Greater Than 2 Ounces MA1052163 Dallas County Criminal Court 2 Dallas, TX | 05/05/2010: Pleaded nolo contendere. Sentenced to 45 days in jail. | 4A1.1(c) | 1 |

The defendant was represented by attorney Rick Jordan.

According to the Dallas, Texas, police report a traffic stop was conducted on a vehicle being driven by the defendant. The officer made contact with the defendant and observed a clear plastic baggie with marijuana in a fast food sack on the passenger floorboard. Upon searching the vehicle, the officer also found one baggie of marijuana in the center console. The defendant was taken into custody. The marijuana weighed 58.2 grams.

| | | | | | |
|---|---|---|---|---|---|
| 50. | 04/24/2010 (Age 23) | Assault-Family Violence MA1040824 Dallas County Criminal Court 2 Dallas, TX | 07/18/2011: Pleaded nolo contendere. Sentenced to 90 days in jail. | 4A1.1(b) | 2 |

The defendant was represented by counsel.

According to the Dallas, Texas, police report, on December 13, 2009, the complainant, Alexis Carter, who was the defendant's girlfriend of 2½ years, called to advise the defendant assaulted her. The complainant stated the defendant was retrieving his personal items from her home when they got into an argument. The defendant pushed her in the chest with his hands. The complainant then called the police.

The defendant threatened to continue to assault her once he found out the police were coming. While outside waiting for the police, the defendant followed the complainant and taunted her. When the police arrived, the defendant struck the complainant twice in the face and dragged her across the yard, pulling out her hair weave. The defendant was taken into custody.

The charges were dropped after officers were unsuccessful in contacting the complainant. In March 2010, the complainant contacted police and said she wanted to pursue charges.

| 51. | 08/10/2010 (Age 23) | Retaliation F-1071661 292nd Judicial District Court of Dallas County Dallas, TX | 07/14/2011: Pleaded guilty. Sentenced to 3 years in prison. 02/03/2012: Paroled. 09/16/2013: Parole discharged. | 4A1.1(a) | 3 |

The defendant was represented by attorney T. Cox.

This case is related to Case No. MA1040824.

Parole records revealed a warrant was issued on August 8, 2012, and later withdrawn on November 8, 2012. According to the defendant's criminal history, it appears the warrant may have been issued based on his new arrest for Unlawful Possession of a Controlled Substance, Marijuana, Case No. F-1258845.

| 52. | 09/15/2010 (Age 23) | Delivery of a Controlled Substance-Cocaine 2nd F-1060636 292nd Judicial District Court of Dallas County Dallas, TX | 07/14/2011: Pleaded guilty. Sentenced to 3 years in prison. 02/03/2012: Paroled. 09/16/2013: Parole discharged. | 4A1.1(a) | 3 |

The defendant was represented by attorney T. Cox.

According to the Dallas, Texas, police report, officers, members of the Narcotics Division, SWAT and the Southwest Patrol Unit executed a narcotics search warrant on a residence located at 3514 McBroom Street in Dallas, Texas. Upon entering the residence, the defendant was observed running from the front bedroom into the bathroom where he was detained. Upon searching the residence, an open safe was located which contained cocaine wrapped in a plastic and a blue plastic bag with 38 individually packed bags of marijuana. In the front bedroom, officers found a semi-automatic pistol and a rifle. The defendant was arrested and taken into custody. The cocaine weighed .9 gram and the marijuana weighed 80.4 grams. At the police station, the defendant admitted he had lived at the residence for three months and that he purchased both the firearms. He also admitted he had a key to the safe and house.

Although the defendant was convicted under the charge of "Delivery of a Controlled Substance, the Indictment and Judicial Confession reflect the defendant "unlawfully, intentionally and knowingly possess a controlled substance, to-wit: Cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram.

And further, said possession was in, on, or within 1,000 feet of any real property that is owned, rented and leased to a school or school board, to wit: Amelia Earhart Elementary School, located at 3500 Block of North Westmoreland, Dallas, Dallas County, Texas." Thus, the conviction does not qualify as a controlled substance offense pursuant to USSG §4B1.2(b).

| | | | | | |
|---|---|---|---|---|---|
| 53. | 09/15/2010 (Age 23) | Unlawful Possession of Firearm by Felon F-1060637 292nd Judicial District Court of Dallas County Dallas, TX | 07/14/2011: Pleaded guilty. Sentenced to 3 years in prison. 02/03/2012: Paroled. 09/16/2013: Parole discharged. | 4A1.2(a)(2) | 0 |

The defendant was represented by attorney T. Cox.

The circumstances of this offense are related to Case No. F-1060636.

| | | | | | |
|---|---|---|---|---|---|
| 54. | 08/07/2012 (Age 25) | Unlawful Possession of a Controlled Substance, to-wit: Marijuana (Quantity More Than 4 Ounces) F-1258845 265th Judicial District Court of Dallas County Dallas, TX | 08/17/2012: Pleaded guilty. Sentenced to 30 days in jail. | 4A1.1(c) | 1 |

The defendant was represented by attorney Lisa Green.

According to the Dallas, Texas, police report, the officer conducted a traffic stop on a vehicle that was driven by the defendant. A check of the defendant's identification revealed that it was suspended. The officer detected an odor of marijuana coming from the vehicle. The defendant consented to a search which revealed marijuana residue in the center console and a plastic bag containing a large amount of marijuana in the trunk lining where the spare tire was stored. The marijuana weighed 165.5 grams. As the officer returned to the front of the vehicle, the defendant fled on foot. The defendant was apprehended at gunpoint and taken into custody.

The state filed a motion to find the defendant guilty of a state jail felony and impose a sentence for a Class A misdemeanor.

| 55. | 08/07/2012 (Age 25) | Evading Arrest/Detention MA1260912 Dallas County Criminal Court 3 Dallas, TX | 08/28/2012: Pleaded nolo contendere. Sentenced to 60 days in jail. | 4A1.1(b) | 2 |

The defendant was represented by counsel.

Circumstances are related to Case No. F-1258845.

### Criminal History Computation

56.   The criminal convictions above result in a subtotal criminal history score of 19. According to the Sentencing Table in USSG Ch.5, Pt.A, a criminal history score of 19 establishes a Criminal History Category of VI.

### Other Criminal Conduct

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 57. 04/01/2008 (Age 20) | Discharge Firearm in Certain Municipalities MA0854620 Dallas County Criminal Court 9 Dallas, TX | Dallas Police Department Dallas, TX | 08/08/2008: Case dismissed. |

According to the Dallas, Texas, police report, officers responded to shots fired call at a residence located at 3514 McBroom in Dallas, Texas. The complainant provided a description of the defendant who was shooting a gun in the air. Before the officers arrived, the complainant called back to advise the defendant had gone inside the listed residence. Upon arrival, officers observed the defendant, who fit the description given,

16

standing in the doorway of the residence. As the officers drove up, the defendant exited the house and began walking down the sidewalk. The defendant was detained and asked to provide the location of the gun. The defendant refused and was taken into custody. Officers found an empty bullet casing in the driveway of the residence.

The state later filed a Motion to Dismiss because they were unable to present a prima facie case. The motion was granted by the court.

| 58. | 04/23/2009 (Age 22) | Assault Causes Bodily Injury Family Member | Dallas Police Department Dallas, TX | Released without prosecution. |
|---|---|---|---|---|

According to the Dallas, Texas, police report, the complainant, Alexis Carter, who is the defendant's girlfriend of 2½ years, called to advise the defendant assaulted her. The complainant stated the defendant was retrieving his personal items from her home when they got into an argument. The defendant pushed her in the chest with his hands. The compliant then called the police.

The defendant threatened to continue to assault her once he found out the police were coming. While outside waiting for the police, the defendant followed the complainant and taunted her. When the police arrived, the defendant struck the complainant twice in the face and dragged her across the yard, pulling out her hair weave. The defendant was taken into custody.

The charges were dropped after officers were unsuccessful in contacting the complainant. In March 2010, the complainant contacted police and said she wanted to pursue charges.

The offense conduct is the same as Case Nos. MA1040824 and F-1071661 because the offenses were filed on at a later date.

**Pending Charges**

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 59. 02/27/2014 (Age 26) | Possession of a Controlled Substance With Intent to Deliver 4 Grams of Cocaine in a Drug Free Zone-2nd F-1452715 292nd Judicial District Court of Dallas County Dallas, TX | Dallas Police Department Dallas, TX | Pending. |

This charge consists of relevant conduct to the instant offense.

| 60. | 02/27/2014<br>(Age 26) | Possession of<br>Marijuana Greater than<br>4 Ounces in a Drug<br>Free Zone-2nd<br>F-1452740<br>292nd Judicial District<br>Court of Dallas County<br>Dallas, TX | Dallas Police<br>Department<br>Dallas, TX | Pending. |

This charge consists of relevant conduct to the instant offense.

| 61. | 02/27/2014<br>(Age 26) | Unlawful Possession of<br>Firearm by Felon<br>F-1452717<br>292nd Judicial District<br>Court of Dallas County<br>Dallas, TX | Dallas Police<br>Department<br>Dallas, TX | Pending. |

This charge consists of relevant conduct to the instant offense.

**Other Arrests**

| | **Date of<br>Arrest** | **Charge** | **Agency** | **Disposition** |
|---|---|---|---|---|
| 62. | 01/29/2002<br>(Age 14) | Assault Causes Bodily<br>Injury<br>JD54105<br>304th Judicial District<br>Court of Dallas County<br>Dallas, Texas | Irving Police<br>Department<br>Irving, TX | 06/25/2002: Non-<br>suited. |

According to the Irving, Texas, police report, a complainant advised he was shot with a pellet gun by an unknown person. The complainant said he was standing in the parking lot when he was shot. He then turned around and saw 3 or 4 people on the balcony but could not tell which one shot him. Shortly afterward, another complainant called and advised she was shot with a pellet gun by the defendant. She said she had problems with the defendant and his relatives in the past. The defendant's mother was contacted, and she brought the defendant to the police station where he was arrested.

| 63. | 02/22/2002<br>(Age 14) | Terroristic Threat<br>JD54105<br>304th Judicial District<br>Court of Dallas<br>County, Dallas, TX | Irving Police<br>Department<br>Irving, TX | 06/25/2002: Non-<br>suited. |

According to the Irving, Texas, police report, officers were dispatched to an apartment complex regarding a disturbance involving guns and baseball bats. Witnesses advised the defendant was waving a gun at the complainant while the defendant's mother yelled, "Shoot him." The defendant was taken into custody.

| 64. | 07/23/2004 (Age 17) | Manufacture/Delivery of a Controlled Substance | Athens Police Department Athens, TX | Unknown. |

Circumstances are related to Case No. 04-1284CL.

| 65. | 09/06/2006 (Age 19) | Possession of a Controlled Substance | Dallas Police Department Dallas, TX | 11/27/2009: Charges dropped by arresting agency. |

The circumstances for this case are not available.

| 66. | 12/13/2009 (Age 22) | Assault Family Violence MA1040824 Dallas County Criminal Court 2, Dallas, TX | Dallas Police Department Dallas, TX | 07/18/2011: Pleaded guilty. Sentenced to 90 days in jail. |

The defendant was represented by attorney Felicia Haynes.

According to the Dallas County, Texas, Information, the defendant grabbed and pulled the complainant's hair and struck the complainant's heard and arm. The complainant advised that she had a dating relationship with the defendant.

## PART C. OFFENDER CHARACTERISTICS

67. On October 7, 2015, the defendant was interviewed by this officer at the Mansfield Law Enforcement Center in Mansfield, Texas. The defendant's attorney was present for the interview. The defendant was cooperative and provided all information necessary for the preparation of this section of his report. At this time, the defendant's personal information remains unverified; however, this officer will attempt to contact the defendant's mother and provide that information in an Addendum.

68. The defendant advised he will reside with his mother in her residence located at 220 Samuel Boulevard, No. G10, in Coppell, Texas, in a condominium. He said his mother has resided in this condominium for the last 10 years and rents it from a third party. According to the Dallas County Central Appraisal District, the residence consists of one bedroom and one bathroom.

### Personal and Family Data

69. The defendant, Kerry Lynn Lewis, Jr., was born on April 23, 1987, in Dallas, Texas, to the common-law relationship of Kerry Lewis, Sr., and Patricia Hightower. He advised he is the only child born to this relationship. He indicated that at approximately 3 years old his father was sentenced to a 20-year prison term on a robbery conviction. While his

father was in prison, the defendant was reared by his mother who supported him as a home healthcare worker. At approximately 9 years old, the defendant said he went to live with his maternal grandmother because his mother moved from the area and the defendant did not want to go. The defendant related he resided with his grandmother until he became an adult. He said his grandmother supported him as a beauty salon owner and operator; however, the defendant indicated his grandmother resided in a "bad" neighborhood. He related he began associating with negative peers around 14 years old. He explained that he missed not having a father figure and looked to other males in his neighborhood for guidance. The defendant advised he had very little contact with his father while he served his prison sentence. He related his childhood was free from abuse or neglect and indicated he shared a close relationship with his mother and grandmother. He advised his mother suffers from diabetes.

70.   The defendant reported he has one maternal half sister, Latasha, who is employed at a bank. He said he shares a close relationship with his half-sister.

71.   The defendant's family members are identified as follows:

| Name | Relation | Age | Residence |
|------|----------|-----|-----------|
| Renoma Hightower | Grandmother | 80 | 3523 McBroom Street Dallas, Texas |
| Patricia Hightower | Mother | 55 | 220 Samuel Boulevard, No. G10 Coppell, Texas |
| Kerry Lewis, Sr. | Father | 51 | 4929 Rand Street Dallas, Texas |
| Latasha Warren | Half sister | 35 | Lewisville, Texas |

72.   The defendant has five different children from five different relationships. Each of the defendant's relationships ended because he was sentenced to a prison term or he had an affair. The defendant's relationships and children are as follows: he was in relationship with Tieasha Brown which produced a son, Darious Lewis, who is 12 years old; he was in a relationship with Latamera Johnson which produced a son, Dakeriean Lewis, who is 8 years old; he was in a relationship with Iraca Vinson which produced a son, Kerry Lewis III, who is 1 year old; he was in a relationship with Chatina Morrison which produced a daughter, Kerionah Lewis, who is 1 year old; and he was in a relationship with Montarius Shannon which produced a daughter, Kador Shannon, who is 1 year old. The defendant said he has been court-ordered to pay child support for Dakeriean Lewis ($432 per month), Kerry Lewis, III, and Kerionah Lewis. He said he was not ordered to pay child support for either Darious Lewis or Kador Shannon. The defendant stated he has not seen his oldest child, Darious, since 2008 and indicated he voluntarily paid child support to help support his son. The defendant said he saw Dakeriean Lewis daily until

his arrest for the instant offense. He advised he also had regular contact with Kerionah Lewis and Kerry Lewis III prior to his arrest for the instant offense. He said he has never seen Kador Shannon and no child support has been ordered for this child. Verification of child support has been requested on each child, and responses are pending.

73.   The defendant stated he has been involved in a relationship with Alexis Carter, 32 years old, since 2007. He said Alexis is aware of the instant offense and their relationship remains intact. No children have been born to this relationship. Alexis works as a pharmacy technician, and according to the defendant, she has never been in trouble with the legal system and does not use illegal drugs. The defendant has a 2011 conviction for assaulting Alexis.

## Physical Condition

74.   The defendant reported he is healthy and has no history of health problems.

## Mental and Emotional Health

75.   The defendant said he has no mental or emotional problems and history of treatment for such problems.

## Substance Abuse

76.   The defendant reported a history of drug abuse. He admitted his drug of choice is marijuana. He said he last smoked marijuana in February 2014. He divulged he had been smoking marijuana daily since 2012. He related he likes marijuana because it helped keep him calm and cope with his problems. He advised he also experimented with promethazine cough syrup and ingested the drug on two occasions. His last use of the drug was in 2008.

77.   The defendant said he has been involved in Narcotics Anonymous (NA) in 2007 and 2012. He indicated he has completed the 12-step program but advised he only attended NA for approximately three months in 2012.

78.   The defendant admitted he was under the influence of marijuana when he committed the instant offense. He further admitted he sold marijuana in order to buy more marijuana.

79.   The defendant has six prior convictions for cocaine and marijuana-related charges. The defendant acknowledged he has a drug problem and is interested in substance abuse counseling. He said he cannot keep going to prison for his drug use.

## Education, Vocational and Special Skills

80.   The defendant reported he last attended L.G. Pinkston High School in Dallas, Texas, while attending the eleventh grade. He admitted he withdrew from school while in the 11th grade because he became involved in using and selling illegal drugs. He acknowledged that he attended an alternative school on three different occasions for acting out in class. He said he was also expelled or suspended for the same behavior. A

verification letter mailed to school indicated they did not have a student matching the defendant's date of birth. Education records received from the Grand Prairie Independent School District (GPISD) revealed the defendant attended the school district in the ninth grade and had a grade point average of .45. The transcript also showed the defendant transferred to the GPISD from L.G. Pinkston High School in Dallas where he also attended the ninth grade.

81.   The defendant said he attended barber classes while incarcerated at TDCJ; however, he did not complete the program.

82.   The defendant indicated his future educational goals include obtaining his General Educational Development (GED) certificate as well as learning a trade such as welding, automotive technician, becoming an electrician or barber. His explained his goal is to become a small business owner in one of the aforementioned areas of work.

**Employment Record**

83.   The defendant has been in custody since February 27, 2014.

84.   The defendant reported he was employed at ABS Janitorial Services in Dallas, Texas, between November 2012 and February 2014. He said he worked at Love Field airport as a supervisor and was paid $9.75 per hour. He said he worked full-time. According to the company, they have no record of the defendant being employed at their company.

85.   The defendant said he was incarcerated in the Texas Department of Criminal Justice (TDCJ) from early 2011 until November 2012. This information is consistent with his criminal history information.

86.   The defendant reported he was employed at ABS Janitorial Services in Dallas, Texas, between 2007 and early 2011. He said he worked at Love Field airport as a supervisor and was paid $9.75 per hour. He said he worked full-time but lost the job when he went to prison.

87.   The defendant advised he was in TDCJ from 2006 to 2007. This information is consistent with his criminal history information.

88.   The defendant stated he worked at All My Sons Moving in Dallas, Texas, as a mover from 2003 to 2006. He was paid $8.25 per hour and worked full-time. He lost this job when he went to prison.

**Financial Condition: Ability to Pay**

89.   The defendant submitted a Net Worth and Cash Flow Statement to this officer dated October 7, 2015. The defendant reported no assets or debt. The defendant stated he has $100 in his prison commissary account which he said was given to him by his father and Iraca Vinson, the mother of one of his children.

90.  A credit report revealed the defendant has five accounts in collection status totaling $7,500. The collections accounts consist of child support, medical, and cable. The report also shows the defendant owes $35,958 in back child support.

91.  The defendant is represented by a retained attorney. The defendant's attorney said he was retained by the defendant's mother.

92.  Restitution is not applicable in any of the counts of conviction. The defendant does not have the financial resources or future earning capacity to pay a fine within the established fine guideline range.

## PART D. SENTENCING OPTIONS

### Custody

93.  **Statutory Provisions:** <u>Count 1</u>: The maximum term of imprisonment is 10 years. 18 U.S.C. §§ 922(g)(1) & 924(a)(2). <u>Count 3</u>: The maximum term of imprisonment is 20 years. 21 U.S.C. §§ 841(a) & (b)(1)(C) & 2. <u>Count 5</u>: The minimum term of imprisonment is 5 years. The maximum term of imprisonment is Life. 18 U.S.C. § 924(c)(1)(A).The term of imprisonment for Count 5 must be imposed consecutive to any other counts.

94.  **Guideline Provisions:** Based upon a **Total Offense Level of 28 and a Criminal History Category of VI, the Guideline Imprisonment Range is 140 months to 175 months,** which is in Zone D of the Sentencing Table. The minimum term shall be satisfied by a sentence of imprisonment. USSG §5C1.1(f). As Count 5 requires a 60-month term of imprisonment, which shall be imposed consecutively to any other term of imprisonment, pursuant to 18 U.S.C. § 924(c)(a)(A).

### Impact of Plea Agreement

95.  The defendant pleaded guilty to Counts 1, 3, and 5 of the superseding Indictment. All relevant conduct was taken into consideration in calculating the guidelines. Had the defendant been convicted of Counts 2 and 4, he would have been exposed to a higher potential statutory punishment, but his guideline range would have remained the same. Accordingly, there is no indication the Plea Agreement has compromised the calculation of the guidelines.

### Supervised Release

96.  **Statutory Provisions:** <u>Count 1</u>: The authorized term of supervised release for a Class C felony is not more than 3 years. 18 U.S.C. § 3583(a) & (b)(2). <u>Count 3</u>: The authorized term of supervised release is not less than 2 years. The statutory maximum term of supervised release is Life. 21 U.S.C. §§ 841(a) & (b)(1)(C) & 2. <u>Count 5</u>: The authorized term of supervised release for a Class A felony is not more than 5 years. 18 U.S.C. § 3583(a) & (b)(1). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

97. **Guideline Provisions:** <u>Count 1</u>: Since the offense is a Class C felony, the guideline range for a term of supervised release is 1 year to 3 years. USSG §5D1.2(a)(2). <u>Count 3</u>: Since the offense is a Class C felony, the guideline range for a term of supervised release is 2 years. USSG §5D1.2(c). <u>Count 5</u>: Since the offense is a Class A felony, the guideline range for a term of supervised release is 2 years to 5 years. USSG §5D1.2(a)(1).

### Probation

98. **Statutory Provisions:** <u>Counts 1 and 3</u>: The defendant is ineligible for probation because the defendant will be sentenced at the same time to a term of imprisonment for the same or a different offense. 18 U.S.C. § 3561(a)(3). <u>Count 5</u>: The defendant is ineligible for probation because it is expressly precluded by statute. 18 U.S.C. § 3561(a)(2). Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

99. **Guideline Provisions:** <u>Counts 1 and 3</u>: The defendant is ineligible for probation because the defendant will be sentenced at the same time to a term of imprisonment for the same or a different offense. USSG §5B1.1(b)(3). <u>Count 5</u>: The defendant is ineligible for probation because probation has been expressly precluded by statute. USSG §5B1.1(b)(2).

### Fines

100. **Statutory Provisions:** <u>Counts 1 and 5</u>: The maximum fine is $250,000 per count. 18 U.S.C. § 3571(b). <u>Count 3</u>: The maximum fine is $1,000,000. 21 U.S.C. § 841(a) & (b)(1)(C). Thus, the total maximum fine that may be imposed is $1,500,000.

101. A special assessment of $100 per count is mandatory. 18 U.S.C. § 3013. Therefore, the total mandatory special assessment is $300.

102. **Guideline Provisions:** The fine range for this offense is $12,500 to $1,000,000. This range reflects a increase in the offense level which is required, because the offense level for the underlying offense did not include a specific offense characteristic that involved a weapon. USSG §2K2.4(d)(1).

103. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 16, 2015, provides the following monthly cost data:

|  | **Federal Prison Facilities** | **Community Correction Centers** | **Supervision** |
|---|---|---|---|
| Daily | $84.00 | $79.00 | $11.00 |
| Monthly | $2,552.00 | $2,417.00 | $326.00 |
| Annually | $30,621.00 | $28,999.00 | $3,909.00 |

**Restitution**

104. **Statutory Provisions:** <u>Counts 1 and 5</u>: The restitution provisions of 18 U.S.C. § 3663(a)(1)(A) apply and there is no identifiable victim. <u>Count 3</u>: Community restitution may be ordered in offenses where the defendant has been convicted under 21 U.S.C. §§ 841, 848(a), 849, 856, 861 or 863 and the Court has considered the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and any other factors as the Court deems appropriate in determining whether to award this type of restitution. 18 U.S.C. §§ 3663(c)(1) & 3663(a)(1)(B)(i)(II).

105. **Guideline Provisions:** <u>Counts 1 and 5</u>: There is no identifiable victim. <u>Count 3</u>: the defendant was convicted of an offense involving 21 U.S.C. §§ 841, 848(a), 849, 856, 861, or 863. Therefore, the Court, taking into consideration the amount of public harm caused by the offense and other relevant factors, shall order an amount of community restitution not to exceed the fine imposed under USSG §5E1.2. USSG §5E1.1(d).

**Denial of Federal Benefits**

106. **Statutory Provisions:** At the discretion of the Court, the defendant, having been convicted of a first drug distribution offense, shall be ineligible for any or all federal benefits for up to 5 years after such conviction. 21 U.S.C. § 862(a)(1)(A).

107. **Guideline Provisions:** The Court, pursuant to 21 U.S.C. § 862, may deny the eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance. USSG §5F1.6.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

108. The probation officer has not identified any factors that would warrant a downward departure from the applicable sentencing guideline range; however, the Court may decide an upward departure is warranted based on the likelihood the defendant will engage in further episodes of criminal conduct.

109. The defendant has been involved in criminal conduct since age 14. He has been sentenced to probation, jail time, and imprisonment, but continues to violate the law. In addition, the defendant continues to engage in drug distribution and the possession of firearms. The defendant six separate drug convictions and a prior conviction for possessing a firearm as a convicted felon. Furthermore, he has shown a propensity for violence as evidenced by his three convictions for assault and retaliation. As evidence by his criminal history, there is a strong likelihood the defendant will recidivate. Therefore, an upward departure from the prescribed guideline range, pursuant to USSG § 4A1.3, may be warranted.

110. The information contained in this section does not necessarily constitute a recommendation by the probation officer for a departure.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

111.   The Court shall consider all the factors listed in 18 U.S.C. § 3553(a), as well as any information provided pursuant to 18 U.S.C. § 3661, in determining the applicability of a guideline sentence versus the imposition of a non-guideline (variance) sentence. The same reasons and justifications set forth in Part E. may also be used to sentence the defendant outside the advisory guideline range.

Respectfully submitted,

Melissa Faraci
Sr. USPO
214-753-2543

December 11, 2015

APPROVED:

Bud Ervin
SUSPO
214-753-2547