UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Docket No.:   0539 3:14CR00372-1 |
| | ) | |
| | ) | |
| | ) | |
| KERRY LYNN LEWIS, JR. | ) | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The Presentence Report ("PSR") calculates Defendant, **Kerry Lynn Lewis (Lewis)**, Guideline Range under **Counts 1 & 3 is 140 months (11.6 years) to 175 months (14.5 years)** based an **offense level of 28** and a **Criminal History Category of VI**, followed by a **consecutive term** of imprisonment of **60 months (5 years) to life under Count 5.** *See* PSR ¶ 94. The PSR includes two, **2 offense level enhancements and disqualifies** Lewis from **a 2 level reduction for acceptance of responsibility**, as more fully described below. This Sentencing Memorandum requests the Court exercise its discretion and grant Lewis this **2 level reduction for acceptance of responsibility**, and for cause the Defendant respectfully shows the Court as follows:

    I.    **OFFENSE LEVEL COMPUTATION**

        A.    **Base Level**

The PSR calculates Lewis **base offense level to be 24**. *See* PSR ¶ 94

### B. Enhancements

#### 1. Stash House

The PSR adds an **enhancement of 2 levels** for maintaining a premises for the purpose of distributing a controlled substance elevating Lewis offense **level to 26**. *See* PSR ¶ 32.

#### 2. Obstruction of Justice

The PSR recommends an **enhancement of 2 offense levels** for **obstruction of justice** pursuant to USSG §3Cl.1 elevating Lewis' offense **level to 28**. *See* PSR ¶ 22. The PSR states the basis of this enhancement is that Lewis made a series of telephone calls from the jail during which, "the defendant attempted to suborn perjury by requesting a coconspirator take responsibility for the defendant's guns." *See* PSR ¶ 35. The PSR concludes that "[s]ince, the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense; 2 levels are applied. USSG §3Cl.l." *See* PSR ¶ 35.

### C. Adjustment for Acceptance of Responsibility

The **PSR disqualifies the defendant for a 2 level reduction for acceptance of responsibility for his criminal conduct under USSG §3El.l**, comment. (n.4). *See* PSR ¶ 21. Conduct resulting in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, comment. (n.4).*See* PSR ¶ 22.

### D.     Exception the Disqualifying Adjustment

The Court has the discretion to award Lewis the three-level reduction for acceptance of responsibility in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, comment. (n.4). The defendant bears the burden of demonstrating that he is entitled to the reduction. The sentencing court's determination is given even more deference than the pure "clearly erroneous" standard. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996), *cert. denied*, __ U.S. __, 117 S. Ct. 1097, 137 L. Ed. 2d 229 (1997). Evidence supporting the sentencing court's determination includes the defendant's actions following the investigation and post-indictment may qualify as conduct qualifying for a decrease in offense level under subsection (b)(1) or (2). Lewis admitted early on that he had been living at 3514 McBroom Street for the last three weeks. He acknowledged his bedroom was where the stolen Sig Sauer pistol was found. Lewis further admitted the clothing and shoes in the closet were his as well as the photos on the dresser. *See* PSR ¶ 15.

For example, the Court may consider the fact that Lewis' guilty plea enabled the government to avoid preparing for trial. *Id*. *See* PSR ¶ 23. Furthermore, Lewis admitted that he has been convicted of the following crimes punishable by imprisonment for a term in excess of one year: Unlawful Possession of a Controlled Substance, to wit: Cocaine, Case No. F-0670189; Unlawful Delivery of a Controlled Substance, to wit: Cocaine (a controlled substance offense), in Case No. F-0557754; Delivery of a Controlled Substance, Case No. F-1060636; Unlawful Possession of a Controlled Substance, to wit: Marijuana, Case No. F-1258845; Unlawful 1 Possession of Firearm by Felon, Case No. F-1060637; and Retaliation, Case No. F-1071661. Lewis stipulated the firearms he possessed were manufactured outside the State of Texas and that he possessed them in furtherance of a drug trafficking crime that is Possession with Intent to

Distribute Cocaine. Lewis further acknowledged the Sig Sauer and Ruger firearms had been stolen. *See* PSR ¶ 18.

## II. CONCLUSION

Based on the forgoing, Defendant Lewis respectfully requests this Court grant him a **2 level reduction for acceptance of responsibility** thereby reducing his **Offense Level to 26 under Counts 1 & 3,** which gives him a **Guideline Range of 120 months to 150 months.** Defendant further requests the Court impose the **minimum sentence of 120 months under Counts 1 & 3**, **followed by a consecutive** term of imprisonment **of 60 months under Count 5.** Therefore, **Defendant Lewis requests the Court impose a sentence of 180 months for all Counts.** This sentence and best reflects the nature and circumstances of the offense, his history and characteristics, and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

                Respectfully Submitted,

/s/ Jeffrey C. Grass
JEFFREY C. GRASS
Texas Bar No. 00787581
Bank of America Tower
101 E. Park Blvd., Suite 107
Plano, Texas 75074
Tel: (972) 422-9999
Email: Jeff@GrassLaw.com
*Counsel for Kerry Lewis*

## **CERTIFICATE OF SERVICE**

      I certify that on January 23, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Assistant U.S. Attorney
John J. Boyle
1100 Commerce Street, Third Floor Dallas, TX 75242
214-659-8600
john.boyle2@usdoj.gov

Melissa Faraci Sr. USPO
Dallas, TX 214-753-2543
melissa_ faraci@txnp.uscourts.gov

                                                   /s/ Jeffrey C. Grass_____
                                                 JEFFREY C. GRASS